**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4027

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD GRIER, a/k/a Rich Homie,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge.  (1:19-cr-00036-JKB-5)

Submitted:  August 1, 2024                          Decided:  August 8, 2024

Before GREGORY, HARRIS, and HEYTENS, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Richard Grier, Appellant Pro Se.  Patricia Corwin McLane, Assistant United States Attorney, Brandon Keith Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Grier pled guilty, pursuant to a written plea agreement, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. §§ 1962(d), 1963. The district court sentenced Grier to 15 years' imprisonment, followed by a five-year term of supervised release, to run concurrently with his state sentence of life imprisonment. Grier, who proceeds pro se on appeal, argues that his guilty plea was not knowing and voluntary, the district court denied his right to self-representation, and the court erred in denying his motions for discovery. We affirm, but we remand for correction of a clerical error in the judgment.

Because Grier did not move to withdraw his guilty plea or otherwise object to the plea hearing in the district court, we review the validity of his guilty plea for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, this [c]ourt will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). "In the Rule 11 context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal

2

quotation marks omitted).  "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (cleaned up).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces.  Fed. R. Crim. P. 11(b)(1).  The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3).  Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).

The district court fully complied with Rule 11.  Grier confirmed that he pled guilty voluntarily and that his plea did not result from force, threats, or promises other than those in the plea agreement.  The court also appropriately determined that Grier was competent to plead guilty and that a factual basis supported the plea.  Because his guilty plea was valid, Grier waived his claim that the court erred by denying his motions for discovery. *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (noting that, "when a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea" (cleaned up)).

"The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel." *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021) (internal quotation

3

marks omitted).   Yet, "it is equally clear that the Sixth Amendment also protects a defendant's affirmative right to self-representation."   *Id*. (internal quotation marks omitted); *see Faretta v. California*, 422 U.S. 806, 819-20 (1975).   "We review a district court's denial of a defendant's right to self-representation de novo." *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005).

Grier argues that the district court and the magistrate judge denied Grier's right to self-representation by appointing his then-dismissed counsel as standby counsel and by requiring Grier to rely on standby counsel to view discovery.   Because Grier explicitly stated that he wanted standby counsel to represent him during the joint Rule 11 and sentencing proceeding, he waived his right to self-representation during that proceeding. *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984) ("A defendant can waive his *Faretta* rights . . .  A defendant's invitation to counsel to participate in [a court proceeding] obliterates any claim that the participation in question deprived the defendant of control over his own defense.").   Moreover, a defendant does not have the right to decline having standby counsel appointed.  *Id.* (noting that *Faretta* created "no absolute bar on standby counsel's unsolicited participation").   Thus, the magistrate judge did not abuse his discretion by appointing standby counsel.

The magistrate judge also did not abuse his discretion by determining that Grier would have to view discovery through standby counsel.  *United States v. Hunt*, 99 F.4th 161, 164 (4th Cir. 2024) (noting that "district courts have broad discretion to decide how much assistance, if any, standby counsel may provide").   Here, the magistrate judge denied Grier's motions for personal copies of the discovery in his case because of safety concerns

4

related to Grier having discovery files at his facility.  Instead, Grier had to view his discovery files through his standby counsel.  This restriction did not constitute an abuse of discretion. *See United States v. Galloway*, 749 F.3d 238, 242 (4th Cir. 2014) (determining that district court did not abuse its discretion by denying pro se defendant's requests for personal copies of discovery in his detention center "[i]n view of the legitimate security concerns and [defendant's] failure to show any prejudice from the arrangement"). Additionally, the magistrate judge suggested moving Grier to a federal facility that was closer to his standby counsel so that Grier could more easily access his discovery; however, Grier elected to remain at his state facility.

Accordingly, we affirm the criminal judgment.  We deny Grier's motion to vacate his conviction, and we deny as moot his motions for this court to decide his appeal.  We remand for the limited purpose of correcting a clerical error in the criminal judgment, which incorrectly indicates the statute of conviction as 18 U.S.C. § 962, rather than 18 U.S.C. § 1962. *See* Fed. R. Crim. P. 36 (governing clerical errors).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*